UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE VALDEZ DOMINGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER D. BURKE, et al.,<br><br>    Defendants. | Case No. 20-cv-09416-EMC<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND** |

## I. INTRODUCTION

Joe Valdez Dominguez, an inmate at Salinas Valley State Prison in Soledad, California ("SVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Docket No. 1 ("Complaint"). The Court reviewed Mr. Dominguez's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and dismissed the Complaint with leave to amend. *See* Docket No. 9. Specifically, the Court noted that although Mr. Dominguez had attempted to bring an Eighth Amendment claim for deliberate indifference to serious medical needs, he had failed to identify what each Defendant had done wrong, and had not "clearly allege[d] what treatment was needed but not provided." *Id.* at 5. In addition, Mr. Dominguez had failed to explain how the defendant-doctors "were in a decision-making position regarding his care." *Id.*

After several extensions of time, Mr. Dominguez's first amended complaint ("FAC") is now before the Court for review. *See* Docket No. 16.

## II. BACKGROUND

Mr. Dominguez contends that three doctors were deliberately indifferent to his serious medical needs when they denied him gallbladder removal surgery. *See generally*, FAC. This

1  denial originally occurred on March 16, 2020. *See generally, id*. Specifically, Mr. Dominguez

2  claims that Drs. Doe and Burke, who work in the emergency room at Natividad Medical Center,

3  refused to perform gallbladder surgery *See id*. The medical records attached to the FAC show

4  that the doctors determined that Mr. Dominguez had "gallstones but no signs of cholecystitis,"[1]

5  and that his "labs" and "vital signs" were "normal." FAC, Ex. A at 6. Mr. Dominguez quotes the

6  doctors as saying that they "'normally would'" remove his gallbladder under the circumstances

7  presented, but that due to "'COVID-19 we are limiting elective surgeries.'" FAC at 15.

8  Mr. Dominguez claims that Dr. Lavate, who works at SVSP, accepted the refusal by Drs.

9  Doe and Burke. *See id*. The FAC suggests, but does not clearly state, that surgery was requested

10  again on July 16, 2020 and Aug. 11, 2020, but was again denied. *See id*. at 19.

11  Mr. Dominguez eventually received surgery on April 22, 2021. *See id.* at 12. As redress

12  for the one-year delay in surgery, Mr. Dominguez seeks $8 million in compensatory and punitive

13  damages from each doctor, for a total of $24 million. *See id*. at 5.

### III.  DISCUSSION

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th

---

[1] The Court notes that cholecystitis is "an inflammation of the gallbladder." *See* cholecystitis, *Merriam-Webster.com Medical Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/cholecystitis (last visited April 11, 2022). *See also Cox v. Allin Corp. Plan*, 70 F. Supp. 3d 1040, 1044 n.2 (N.D. Cal. 2014) ("The Court may take judicial notice of medical dictionary definitions.") (citation omitted).

1    Cir. 1989) (summary judgment for defendants was properly granted because plaintiff's evidence
2    that a doctor told him surgery was necessary to treat his recurring abscesses showed only a
3    difference of opinion as to proper course of care where prison medical staff treated his recurring
4    abscesses with medicines and hot packs).  Nor does "a difference of opinion regarding [the]
5    appropriate medical diagnosis." *Schaaf v. Holliday*, 141 F.3d 1179 (9th Cir. 1998) (citing
6    *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981).

7    Mr. Dominguez contends that Doctors Doe and Burke violated his Eighth Amendment
8    rights when they decided not to perform "elective surger[y]" despite the outbreak of the COVID-
9    19 pandemic, and that Doctor Lavate violated his Eighth Amendment rights by accepting that
10   decision.  FAC at 15; *see also* FAC, Ex. A at 6.  On its face, this claim presents a difference of
11   opinion as to medical treatment.  To the extent Mr. Dominguez would challenge the doctors'
12   determination that gallbladder surgery was "elective" in light of his "normal" "labs," "vital signs,"
13   and lack of gallbladder inflammation, *see* FAC, Ex. A at 6, this shows a disagreement with the
14   doctors' medical assessment of whether his condition presented an emergency.  *See Wilson v.
15   Torres*, No. 120CV01430DADBAMPC, 2021 WL 1212484, at *5 (E.D. Cal. Mar. 31, 2021)
16   (recommending claim be dismissed where elective surgery was cancelled because, "due the
17   COVID-19 crisis . . .  only urgent and emergent health care services would be scheduled," and
18   concluding that "[w]hether Plaintiff considered his condition "urgent to emergent" shows a
19   difference of medical opinion"), *report and recommendation adopted with modifications,* 2021
20   WL 2073731 (E.D. Cal. May 24, 2021).  To the extent Mr. Dominguez would agree his situation
21   did not present an emergency, but would contend the doctors should have performed surgery even
22   though it was elective, this shows a disagreement with the doctors' determination that Mr.
23   Dominguez's desire for elective surgery was outweighed by the risk of exposing him to COVID-
24   19 in the hospital, and the need to keep hospital beds open for emergencies during the COVID-19
25   pandemic.

26   Mr. Dominguez may be able to cure this defect upon further amendment.  "[T]o prevail on
27   a claim involving choices between alternative courses of treatment, a prisoner must show that the
28   chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen

'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (second alteration in original); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (if it were proved at trial that doctors denied a prisoner on dialysis a kidney transplant because of personal animosity rather than in the exercise of honest medical judgment, and that the delay in performing the transplant was "medically unacceptable," that would establish deliberate indifference to a serious medical need).  Here, Mr. Dominguez must allege and provide facts to show that the doctors' decision was medically unacceptable under the circumstances presented and was made in conscious disregard of an exercise risk to his health.

Leave to amend is granted so that Mr. Dominguez may allege facts, if he has them, to show that that the doctors' determination was sufficiently egregious as to violate the Eighth Amendment.

## IV.     CONCLUSION

For the foregoing reasons, the FAC is dismissed with leave to amend.  A second amended complaint must be filed no later than **June 3, 2022**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily

///
///
///
///
///
///
///
///
///

4

dismissed, we will consider those claims to be waived if not repled.")  Failure to file the second amended complaint by the deadline, or to cure the deficiencies identified in this order, will result in the dismissal of all claims.

**IT IS SO ORDERED**.

Dated: April 28, 2022

_____
EDWARD M. CHEN
United States District Judge