UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE VALDEZ DOMINGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER D. BURKE, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-09416-EMC<br><br>**ORDER (1) OF SERVICE; (2) DENYING RECONSIDERATION MOTION; AND (3) GRANTING EXTENSION MOTION NUNC PRO TUNC**<br><br>Docket Nos. 19, 21 |

## I.　BACKGROUND

On or after December 15, 2020, Joe Valdez Dominguez, an inmate at Salinas Valley State Prison in Soledad, California ("SVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Docket No. 1 ("Complaint") at 14 (dating the Complaint December 15, 2020). The Court reviewed Mr. Dominguez's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and noted that Mr. Dominguez had failed to identify specific actions each Defendant had taken which harmed Mr. Dominguez. *See* Docket No. 9. The Court dismissed the Complaint with leave to amend. *See id*.

Mr. Dominguez subsequently filed a first amended complaint ("FAC"), claiming that three doctors were deliberately indifferent to his serious medical needs when they denied him gallbladder removal surgery on March 16, 2020. *See generally*, FAC. Specifically, Mr. Dominguez claimed that Drs. Doe and Burke, who work in the emergency room at Natividad Medical Center, refused to perform gallbladder surgery because they were "limiting elective surgeries" due to risks associated with the COVID-19 pandemic. *See id*. at 15 & Ex. A at 6. Dr. Lavate, who works at SVSP, accepted the refusal by Drs. Doe and Burke. *See id*. Mr.

1   Dominguez eventually received surgery on April 22, 2021. *See id.* at 12. The Court concluded

2   that Mr. Dominguez had showed no more than a difference of medical opinion as to whether the

3   risks posed by his gallbladder stones outweighed the risks of exposure to COVID-19. *See* Docket

4   No. 18 at 2-3 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Schaaf v. Holliday*, 141

5   F.3d 1179 (9th Cir. 1998); *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir.1981)). The Court

6   dismissed the FAC with leave to amend with facts showing that the treatment chosen by the

7   doctor-Defendants was medically unacceptable under the circumstances. *See id*. at 4 (citing

8   *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332

9   (9th Cir. 1996)).

10       Mr. Dominguez filed a motion for reconsideration of the Court's order screening the FAC,

11   and a motion for an extension of time to file his second amended complaint ("SAC"). *See* Docket

12   Nos. 19, 21. Mr. Dominguez now has filed the SAC. *See* Docket No. 22.

13       Because the Court concludes that the SAC states cognizable claims, Mr. Dominguez's

14   reconsideration motion is **DENIED** as moot. His extension motion is granted nunc pro tunc.

## II.     ANALYSIS

16       The SAC names only one defendant: the California Department of Corrections and

17   Rehabilitation. SAC at 1. However, an exhibit to the SAC reveals that Mr. Dominguez blames

18   "SVSP medical staff and officials, Dr. Quingo Sui, Dr. Duc Nguyen, Dr. Ryan Kim, Dr. Darrin

19   Bright, [and] Dr. Kumar" for his injuries. SAC, Ex. A at 10. Also in the exhibit to the SAC, a

20   CDCR official appears to recognize that these individuals were Mr. Dominguez's "Primary Care

21   Providers." *See id*. at 8 (plural in original). The Court therefore presumes Mr. Dominguez

22   intended to name these individuals as Defendants, and to allege that each participated in the

23   wrongs identified below.

24       As detailed above, Mr. Dominguez's prior pleadings challenged the denial of gallbladder

25   surgery in 2020. Mr. Dominguez now alleges that as early as 2017 Defendants discovered he

26   suffered from gallstones and needed surgery. *See* SAC at 2 ("They also found I had gallstones and

27   needed surgery."). Mr. Dominguez alleges that, despite having concluded he needed surgery for

28   his gallstones, Defendants failed throughout 2018 and 2019, before the COVID-19 pandemic

1 broke out, to provide such surgery. *See id*. Mr. Dominguez also represents that, despite having

2 concluded in 2017 that surgery was necessary, Defendants provided him with no other treatment

3 in 2018, 2019, or 2020. *See* Docket No. 19 at 2. In other words, the March 16, 2020 decision not

4 to provide surgery was only the most recent in a long line of failure to treat Mr. Dominguez's

5 gallstones.

6 Deliberate indifference to an inmate's serious medical needs violates the Eighth

7 Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S.

8 97, 104 (1976); *Toguchi*, 391 F.3d at 1057. To establish an Eighth Amendment claim based on

9 inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2)

10 deliberate indifference thereto by a defendant. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For

11 the first, objective, prong, a serious medical need exists if the failure to treat an inmate's condition

12 "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v.*

13 *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). For the second,

14 subjective prong, there must be deliberate indifference. A prison official is deliberately indifferent

15 if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by

16 failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. There must be "harm caused

17 by the indifference," although the harm does not need to be substantial. *See Jett*, 439 F.3d at 1096.

18 Here, Mr. Dominguez alleges that he had a serious medical need: for his gallstones to be

19 removed. *See* SAC at 2. He also alleges that Defendants knew of this medical need, and in fact

20 knew that it required surgery, in 2017. *See id*. Despite knowing of this medical need and

21 recognizing that it required surgery, Defendants failed to perform the required treatment for four

22 years. *See id.*; *see also FAC*. As a result, Mr. Dominguez suffered years of unnecessary pain, and

23 lost his gallbladder. *See* SAC at 2. These allegations are sufficient to allege a claim for deliberate

24 indifference to a serious medical need.

### III.   CONCLUSION

26 For the foregoing reasons, Defendants must respond to Mr. Dominguez's Eighth

27 Amendment claims.

28 For the foregoing reasons and for good cause shown,

3

1.     The following Defendants shall be served: Dr. Quingo Sui, Dr. Duc Nguyen, Dr. Ryan Kim, Dr. Darrin Bright, and Dr. Kumar, all of whom are employed at Salinas Valley State Prison.

2.     Service on Defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the SAC (Docket No. 22); this order of service; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

3.     No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

4.     Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the First Amended Complaint and Reply for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.     No later than **June 2, 2023**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to

4

Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

      b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **June 30, 2023**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.    Defendants **shall** file a reply brief no later than **July 14, 2023**.

6.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, it is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

6.    All communications by Plaintiff with the Court must be served on defense counsel by mailing a true copy of the document to defense counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defense counsel has been designated, Plaintiff may mail a true copy of the document directly to each individual

Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.**

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

The Clerk shall amend the docket to reflect the names of Mr. Dominguez's chosen Defendants.

This order disposes of Docket Nos. 19 and 21.

**IT IS SO ORDERED**.

Dated: March 9, 2023

_____
EDWARD M. CHEN
United States District Judge